IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THOMAS KEVIN JENKINS<br>Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. JFM-16-3617 |
| DAVIS & DAVIS LAW FIRM<br>Defendant. | * | |

\*\*\*\*\*

MEMORANDUM

On November 2, 2016, the Court received for filing this complaint for monetary damages. Thomas Kevin Jenkins ("Jenkins"), a federal pre-trial detainee housed at the Chesapeake Detention Facility, filed this action against his court-appointed Civil Justice Reform Act ("CJRA") attorney in his pending criminal case.[1] ECF No. 1. According to the statement of facts, Jenkins asserts that counsel assisted the federal prosecutors in his criminal case, violated attorney-client privileges, and acted in an unprofessional manner. He accuses counsel of acting against his interests because he "disclosed in open court my plan of action." Jenkins additionally asserts that although his attorney has visited him on four separate occasions, he has yet to file any motions on his behalf and is not providing him with adequate representation. Jenkins seeks disbarment of counsel, as well as unspecified punitive, nominal, and compensatory damages. *Id.* Although he has failed to remit the

---

[1] Jenkins is represented by Christopher Davis and is awaiting trial on one count of felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g). *See United States v. Jenkins*, Criminal No. TDC-15-0492 (D. Md.).

$400.00 civil filing fee or to move to proceed in forma pauperis, Jenkins shall not be required to cure this deficiency.[2] The complaint shall be dismissed *sua sponte*.

Jenkins seeks to file a "tort claim," alleging legal malpractice. To the extent that Jenkins is raising a tort claim for civil malpractice, seeking damages, his claim is untimely. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set out a two-pronged test pertinent to a Sixth Amendment claim of ineffective assistance of counsel. First, the petitioner must show that his attorney's performance was "below an objective standard of reasonableness, measured by prevailing professional norms." *Strickland*, 466 U.S. at 688. This is known as the "performance prong" of the test. Second, the petitioner must show that his attorney's deficient performance "prejudiced [his] defense." *Id.* at 687. To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Jenkins has not yet been tried. Nor has there been a post-trial determination of ineffective assistance of defense counsel. His cause of action against the law firm of Davis & Davis is premature. A separate Order follows dismissing this case without prejudice.

Date: /s/ illegible

/s/ illegible
J. Frederick Motz
United States District Judge

---

[2] Jenkins has attached a "promissary note" to his complaint, holding the document out as a negotiable instrument, "back [sic] by a contractual agreement to pay $350.00 or any debt incurred by said litigation..." ECF No. 1-1.

2